IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 3:23-cr-71 |
| v. | ) |
| | ) GOVERNMENT'S SENTENCING |
| BOB ARTHUR PHILLIPS, | ) MEMORANDUM |
| | ) |
| Defendant. | ) |

COMES NOW the United States of America, by its undersigned counsel, and provides the following memorandum for the sentencing in this matter, set for September 25, 2024, at 11:00 a.m.

## TABLE OF CONTENTS

I.   Background ................................................................................................. 1

II.  Sentencing Calculation ................................................................................ 2

III. Issues to be Resolved ................................................................................... 3

V.   Government's Recommendation ................................................................. 3

## I. Introduction

A two-count indictment was filed on November 7, 2023, in the Southern District of Iowa, charging Defendant, Bob Arthur Phillips, with Count One, Distribution and Receipt of Child Pornography on or about June 8, 2023, in violation of 18 U.S.C.A. § 2252 (a)(2) and 2252(b)(1); and, Count Two, Possession of Child Pornography, in violation of 18 U.S.C.A. § 2252(a)(4)(B) and 2252(b)(2). (PSR ¶ 1.)

On April 29, 2024, Defendant plead guilty to Count One of the Indictment, Distribution and Receipt of Child Pornography, in violation of Title 18, United States

Code, Sections 2252(a)(2) and 2252(b)(1). (PSR ¶ 2.) According to the Plea Agreement, Count Two of the Indictment will be dismissed at the time of sentencing. (PSR ¶ 3.) On May 14, 2024, the Court accepted the plea and adjudicated the Defendant guilty. (PSR ¶ 2.)

The Government submitted a filing stating there were no objections to the draft presentencing investigation report. (R. Doc. 63.) Defendant submitted two objections to the draft presentence investigation report, correcting an address on paragraph 60 and arguing for mitigation factors for a downward variance. (R. Doc. 69.) The Government also filed a motion for preliminary order forfeiture for this Court's consideration, regarding forfeiting the following property: a Google GVU6C Pixel 7 cell phone (IMEI: 353644934941574); a Motorola Moto G cell phone (IMEI: 356892110473352); a BLU model-G40 cell phone (IMEI: 351464773539708); and a Samsung Galaxy S14 5G cell phone (IMEI: 354519747045236). (R. Doc. 70.)

## II. Sentencing Calculation

In the presentence report in paragraphs 30 to 43 and 85 to 86. Defendant's guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level<br>USSG §2G2.2(a)(2) | 22 |
| Specific Offense Characteristics<br>USSG §2G2.2(b)(2); under 12 years of age | +2 |
| Specific Offense Characteristics<br>USSG §2G2.2(b)(3)(B); distribution | +5 |
| Specific Offense Characteristics<br>USSG §2G2.2(b)(4)(A)/(b); infant/toddler | +4 |

| | |
|---|---|
| Specific Offense Characteristics USSG §2G2.2(b)(6); computer | +2 |
| Specific Offense Characteristics USSG §2G2.2(b)(7)(D); 600 + Images | +5 |
| Adjusted Offense Level Subtotal | 40 |
| Acceptance of Responsibility USSG §3E1.1(a) | -2 |
| Acceptance of Responsibility USSG §3E1.1(b) | -1 |
| **Total Offense Level** | **37** |
| Criminal History Category | I [1] |
| Guideline Sentencing Range: | 210 to 262 months [2] |

### III. Issues to be Resolved

Due to the nature of Defendant's objections and Government's lack of objections, there are no outstanding issues to be resolved prior to sentencing. Both Defendant and the Government have agreed to recommend $3,000 in restitution per victim identified in paragraph 25, under 18 U.S.C. § 2259(b)(2). (PSR ¶ 25-26.)

### IV. Government's Recommendation

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to

---

[1] Pursuant to USSG §4C1.1(a)(5), because the instant offense is a sex offense, the defendant does not qualify for the zero-point reduction.

[2] Pursuant to 18 U.S.C. § 2252(b)(1), the mandatory minimum sentence is five years (60 months) and mandatory maximum sentence is 20 years (240 months).

promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The Government will ask this Court to find a final advisory guideline range of Total Offense Level 27/Criminal History Category I, which yields a range of 210 to 262 months of imprisonment. However, since the statutory maximum is 20 years (240 months), the guidelines become capped at 240 months. (PSR ¶ 85.)

On June 29, 2024, following fifteen CyberTips, law enforcement executed a search warrant on Defendant's home. (PSR ¶ 12-14.) During a post-*Miranda* interview, defendant admitting to having child pornography on his devices. (PSR ¶ 15.) Despite knowing he was under investigation, having his home searched, and many devices seized, on October 24, 2023, law enforcement received eight new CyberTips that lead them to search Defendant's home again and arresting him on November 9, 2023. (PSR ¶ 18-20.) In a second post-*Miranda* interview, defendant admitting to having child pornography on his phone. (PSR ¶ 20.) A total of 1,461 child pornography videos and 874 child pornography images were found to be on

Defendant's devices. (PSR ¶ 16, 18.) Defendant's devices also had evidence of him exchanging child pornography with others on elicit applications, like Telegram. (PSR ¶ 19.)

While Defendant has no criminal history, his actions in this case show he is unwilling to stop victimizing children with his collecting and sharing of child pornography, even when under investigation. His disturbing conversations with other child predators and sheer amount of child pornography not only impacts the victims from the 165 different series identified by NCMEC but helps other abusers have access to more victimizing materials. (PSR ¶ 19-20, 23-24). Furthermore, Defendant's actions to try and avoid the consequences of his actions by creating new Gmail accounts every time they are shut down as a result of CyberTips and his efforts to downplay his crimes and lies about being "hacked" show further and more intense intervention is needed to stop Defendant's criminal behavior. (PSR ¶ 12-13, 15, 18, 20.) Therefore, the Government believes that a maximum sentence of 240 months is not greater than necessary but sufficient to reflect the seriousness of Defendant's criminal actions.

WHEREFORE, the Government requests the Court consider this sentencing memorandum in determining Defendant's final sentence.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: /s/ Kaitlyn R. Macaulay
Kaitlyn R. Macaulay
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: Kaitlyn.Macaulay@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

   U.S. Mail        Fax        Hand Delivery

   ECF/Electronic filing        Other means

UNITED STATES ATTORNEY

By: s/ Victoria E. House
    Fact Witness Coordinator/Paralegal Specialist

6